AMERICAN TELEPHONE AND
TELEGRAPH COMPANY,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 93–483 C.

United States Court of Federal Claims.

June 29, 1995.

C. Stanley Dees, J. Keith Burt, Andrew
Saunders, McKenna & Cuneo, Washington,
DC, Loretta A. Cecil, and Robert H. Camp,
Greensboro, NC, for plaintiff.

Brad Fagg, with whom were Asst. Atty.
Gen. Frank W. Hunger, Director David M.
Cohen, Dept. of Justice, Washington, DC,
B.J. Plunkett, III, and Stephanie L. Buser,
Dept. of the Navy, for defendant.

ORDER AMENDING OPINION OF FEB-
RUARY 7, 1995 TO PROVIDE CERTI-
FICATION FOR INTERLOCUTORY
APPEAL PURSUANT TO 28 U.S.C.
§ 1292(d)(2)

WIESE, Judge.

I

On February 7, 1995, this court issued an
opinion in this case determining, among oth-
er issues, (i) that the Navy, in failing to
conduct a technical risk evaluation before
awarding plaintiff a research and develop-
ment contract on a fixed-price incentive ba-
sis, had acted in violation of statutory restric-
tions governing the obligation and expendi-
ture of appropriated funds, (ii) that the con-
tract resulting from the Navy's award was
void *ab initio,* and (iii) that plaintiff was to be
compensated for its nearly-completed perfor-
mance pursuant to an implied-in-fact contract
with the amount of compensation to be deter-
mined on a *quantum meruit* basis. To facili-
tate the *quantum meruit* determination the
court ordered further fact development, ei-
ther by stipulation between the parties or by
trial.

Both sides now come before the court re-
questing certification of the court's opinion

under 28 U.S.C. § 1292(d)(2) to facilitate an
immediate appeal. Under the criteria enu-
merated in the referenced statute, certifica-
tion of an interlocutory order is appropriate
when the order involves "a controlling ques-
tion of law ... with respect to which there is
a substantial ground for difference of opinion
.and ... an immediate appeal from that order
may materially advance the ultimate termi-
nation of the litigation." In the judgment of
this court, this case warrants certification for
immediate appeal.

II

The controlling questions in the case are:

(i) whether a contract executed in violation
of statutory restrictions on the obligation
and expenditure of appropriated funds
may be declared void from the start at the
instance of the performing contractor, and,
if so,

(ii) whether compensation for benefits con-
ferred upon the Government (pursuant to
the voided contract) can be predicated on
an implied-in-fact contract with the amount
of recovery to be determined pursuant to
unjust enrichment principles.

In this court's view, each of the above-
stated questions, when examined in light of
existing case law authority and the analyses
deducible therefrom, could be answered dif-
ferently than they are in the court's opinion
of February 7, 1995. Thus, the possibility of
a different outcome on appeal is not remote;
and a different outcome on either question
would end this litigation.

Given these considerations and the pro-
tracted trial proceedings now facing the par-
ties as a consequence of the court's opinion of
February 7, 1995, the allowance of an imme-
diate appeal from that opinion would be in
the interests of justice and judicial economy.
Moreover, the benefits of such an appeal
extend beyond the boundaries of the instant
case. Defendant has advised that this
court's ruling puts in doubt the legality of a
large number of Department of Defense con-
tracts covered by appropriation restrictions
of the sort involved in the instant case.

## III

The three-prong test set forth in 28 U.S.C. § 1292(d)(2) is designed to weigh the relative benefits of an immediate appeal; thus the "three factors should be viewed together as the statutory language equivalent of a direction to consider the probable gains and losses of immediate appeal." 16 Charles A. Wright, *et al., Federal Practice and Procedure* § 3930, at 156 (1977); *see* 9 James W. Moore, *et al., Moore's Federal Practice* ¶ 110.22[2] (1995). This court has considered the burdens and benefits attendant to the allowance of an immediate appeal and is of the view that much can be gained by having the court of appeals address the controlling questions in the case on an interlocutory basis rather than at the conclusion of what could otherwise prove to be a much protracted lawsuit.

Accordingly, the court's opinion in the above-captioned case, issued February 7, 1995, is amended in accordance with 28 U.S.C. § 1292(d)(2), by adding the following:

The court is of the view that this opinion involves controlling questions of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the opinion may materially advance the ultimate termination of the litigation.